IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MONIQUE JOHNSON, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CBD  05-0262 |
| | ) |
| SHOPPERS FOOD WAREHOUSE, | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Monique Johnson, filed this removed negligence action against Defendant Shoppers Food Warehouse.[1] On January 30, 2002, Plaintiff suffered a fall at the Shoppers Food Warehouse ("Shoppers") located in Takoma Park, Maryland. Now before this Court is Defendant's Motion for Summary Judgment ("Def.'s Mot.") (Docket Item No. 18) and the opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby DENIES Defendant's Motion.

### I.  STANDARD OF REVIEW

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

---

[1] Shoppers Food Warehouse was acquired by SuperValu, Inc. in 1999 as part of its purchase of Richfoods Holdings, Inc.

*Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case."  *Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

Case 8:05-cv-00262-CBD   Document 25   Filed 03/14/06   Page 3 of 8

## II.  BACKGROUND

Plaintiff was shopping in the frozen food section at Shoppers on January 30, 2002.  Prior to Plaintiff entering the aisle, Defendant's store clerk, Darrin Davis, was inspecting and de-icing freezers in the aisle.  Davis Deposition ("Davis Dep.") at 2.  The process involved checking the temperature of the freezer and removing any ice build-up on the fans.  *Id.* at 18-24.  Davis removed a grate from the freezer and placed it in the aisle.  *Id.* at 26.  The grate is approximately three feet long by three feet wide.  *Id.* at 28.  Plaintiff did not observe any water or other hazards prior to entering the aisle.  Plaintiff Deposition ("Pl. Dep.") at 38.  There were no wet floor signs or other warnings posted for customers.  *Id.*

Davis was checking another display case for ice when Ann Trought, also Defendant's employee, called his name.  Davis Dep. at 26, 44.  Upon turning in the direction of Trought's voice, Davis saw Plaintiff on her back and the removed grate on the floor.  *Id.* at 46.  Plaintiff slid approximately six to seven feet down the aisle on water and/or the removed grate.  Plaintiff Affidavit ("Pl. Aff.") at ¶ 3; Pl. Dep. at 39.  Plaintiff's clothes were wet when Davis came to her aid, after which he placed wet floor signs in the aisle.  Pl. Aff. at ¶¶ 3, 4.  Plaintiff sustained physical injuries as a result of the fall.

Both parties agree that *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 113 A.2d 405, (1955) and its progeny are applicable to the present case.  Def.'s Mot. at 6-7; Pl. Opp. at 2.  Defendant principally contends that "Plaintiff cannot show any evidence that the injuries sustained were a direct consequence of [Defendant's] negligence."  Def.'s Mot. at 8.  Defendant argues that Defendant's employee's proximity to Plaintiff's fall and potentially being in a location to observe the fall, neither gives rise an inference of notice, nor imposes liability for

3

negligence on Defendant. Def.'s Mot. at 11, 13. As a result, Defendant argues that *Moulden v. Greenbelt Consumer Servs, Inc.*, 239 Md. 299, 210 A.2d 724 (1965) and *Lusby v. Baltimore Transit Co.*, 195 Md. 118, 72 A.2d 754 (1950) control and require that this Court rule for Defendant as a matter of law. Def.'s Mot. at 9, 11.

Plaintiff contends that Defendant's employee unreasonably placed the grate in the aisle causing injury to Plaintiff. Plaintiff argues that the facts, viewed in the light most favorable to Plaintiff, establish (1) a *prima facie* case of negligence, and (2) Defendant's failure to exercise reasonable care. Plaintiff argues that this case is analogous to *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 693 A.2d 370 (1997).

### III.  DISCUSSION

In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (*i.e.*, a business invitee), a licensee by invitation (*i.e.*, a social guest), a bare licensee, or a trespasser. *Tennant*, 115 Md. App. at 387-88, 693 A.2d at 374 (citations omitted). The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Id.* at 388, 693 A.2d at 374.

Storekeepers, such as Defendant, owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition. *Moulden*, 239 Md. at 232, 210 A.2d at 725. The customer is entitled to assume that the storekeeper will exercise reasonable care to ascertain the condition of the premises, and, if he discovers any unsafe condition, he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition. *Rawls*, 207 Md. at 117-18, 113 A.2d

at 407.  The duties of a storekeeper thus include the obligation to warn customers of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers.  *Tennant*, 115 Md. App. at 388, 693 A.2d at 374.

Nevertheless, storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises.  *Rawls*, 207 Md. at 118, 113 A.2d at 407.  A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care.  *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994) (citations omitted).

     **A.**     **Plaintiff is Not Required to Prove Actual or Constructive Notice When Alleging Defendant's Employee Created the Dangerous Condition**

In *Moulden*, the Court of Appeals affirmed the trial court's grant of a directed verdict where "there was no evidence of actual or constructive notice of a dangerous condition." *Moulden*, 239 Md. at 233, 210 A.2d at 725.  There, the appellant asserted that she slipped on a string bean on the floor in the aisle of the store's frozen food department.  The Court rejected the argument that the coloring of the bean and its location were sufficient to make a *prima facie* case of negligence requiring the proprietor to proceed with its evidence.  The Court opined that "[t]he bean may have fallen from a grocery cart a few moments before she walked up the aisle." *Id.* Thus, without speculation, the plaintiff failed to establish that the defendant's negligence was the proximate cause of the complained-of injury.

In *Lusby*, the plaintiffs fell while alighting from a bus' front door steps due to a slippery substance.  The plaintiffs filed suit alleging that given the driver's proximity to the front door, he had or should have had opportunity to observe the slippery and dangerous condition.  The Court

was not compelled by the proximity argument in the absence of an actual duty to observe the conditions.  The *Lusby* court stated the well-settled rule that "the plaintiff must show that the foreign substance was placed there by an employee [] or that the employee knew, or by the exercise of proper care and diligence, should have known of the presence of such foreign substance and failed to remove it."  *Lusby*, 195 Md. at 125, 72 A.2d at 757.  Here, Plaintiff argues record evidence fulfills the first prong, *i.e.*, the foreign substance was placed there by Defendant's employee.  The rule in Maryland places the burden "upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence."  *Moulden*, 239 Md. at 232, 210 A.2d at 726.  Thus, Plaintiff is not required to prove actual or constructive notice to survive summary judgment where Plaintiff can prove that the proprietor created the dangerous condition.

   **B.**  **Whether Defendant's Employee Created the Dangerous Condition is an Issue of Material Fact Precluding a Grant of Summary Judgment**

   In *Tennant*, the Court of Special Appeals reversed the trial court's grant of summary judgment in favor of the appellee.  The appellant slipped and fell in the produce section of a supermarket.  At her deposition, the appellant testified that she slipped on a pile of cabbage leaves that had been swept into a neat pile.  While she slipped on the pile of leaves, appellant did not fall.  As she was moving sideways from the leaves on the floor, she tripped over an empty box protruding partially from under the cabbage case.  The appellant saw neither the leaves nor the box before her fall as she was looking at the cabbage bin.  The appellant testified that she heard the appellee's store manager tell an employee that he had repeatedly told the employee not to leave boxes under the produce stall.

The *Tennant* court found that the appellant alleged "affirmative acts" by the appellee "consisting of sweeping refuse into a pile on the floor and leaving it there, and placing an empty box partially under, and in front of, a produce display case." *Tennant*, 115 Md. App. at 390, 693 A.2d at 375. The court reasoned that "[i]t follows, at least by inference, that appellee's own employee(s) knew what had been done in sweeping the refuse into a pile and leaving it, and in placing the empty box under the display case." *Id.* at 394, 693 A.2d at 377. Whether the appellee created the dangerous condition was a question of fact for the jury and summary judgment was not appropriate.

The Court agrees that this case is analogous to *Tennant*. Plaintiff testified to falling on a removed grate present in the aisle. Defendant's employee testified to removing the grate from the freezer, placing it in the aisle, and seeing the grate on the floor after Plaintiff's fall. Here, viewing the facts in the light most favorable to Plaintiff, Defendant's employee's actions create issues of material fact requiring resolution by the trier of fact. These facts include, but are not limited to: (1) whether it was reasonable that the grate be placed in the aisle; (2) whether it was reasonable that no signage was posted warning customers of a possible wet floor while Defendant's employee was inspecting the freezers or de-icing the fans; (3) whether these acts or omissions created a dangerous condition; and, (4) whether those acts or omissions proximately caused Plaintiff's injury. These issues preclude a grant of summary judgment.

## IV.  CONCLUSION

The Court finds that genuine issues of material facts exist and that Defendant is not entitled to judgment as a matter of law.  For the forgoing reasons, Defendant's Motion for Summary Judgment is DENIED.

_____/s/_____
Charles B. Day
United States Magistrate Judge
March ___, 2005

CBD:jab